IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON M. ADORNO, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-204J |
| CAROLYN W. COLVIN, | ) |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY | ) |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a "motion for judgment" (Document No. 10) filed by Sharon M. Adorno ("plaintiff") based on defendant's failure to timely file an answer. In response, defendant filed a motion for extension of time to file answer to complaint outside of time (Document No. 12). For the following reasons, plaintiff's motion for judgment will be denied, and defendant's motion for leave to file an answer out of time will be granted.

On August 17, 2015, plaintiff, through Attorney Katherine L. Niven, filed a Complaint against defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, for review of a final agency decision denying plaintiff's applications for social security disability benefits and supplemental security income. On August 19, 2015, the Clerk of Court for this district issued summons to be served on defendant and on the Office of the United States Attorney for this district.

On November 23, 2015, plaintiff filed the pending motion for judgment in her favor because defendant had not filed an answer within sixty days of having been served the complaint, as required under F.R.C.P. 12(a)(2). Plaintiff asserts that "defendant received the complaint and summons" on August 13, 2015, and that the answer therefore was due by October 12, 2015.[1]

---

[1] The court notes that although summons were issued, and defendant acknowledges that the answer was due on October 12, 2015, the record does not contain proof of service as required under FRCP

AO 72
(Rev. 8/82)

In response, defendant filed the pending motion for leave to file an untimely answer. Defendant concedes that the answer was due on October 12, 2015, but was not filed timely due to an oversight caused by a change in the processing and monitoring of disability cases in the Western District of Pennsylvania for cases filed in the Johnstown Division.[2] Accordingly, defendant requests leave to file the answer out of time.

Federal Rule of Civil Procedure 6(b)(1)(B) permits a district court to extend a filing deadline "for good cause" after the time for filing has expired "if the party failed to act because of excusable neglect." At a minimum, excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." Kimberg v. Univ. of Scranton, 411 Fed. Appx. 473, 477 (3d Cir. 2010)(*quoting* Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir.1995).

Excusable neglect under Rule 6(b) is an "elastic concept." Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993). In assessing whether a party's neglect is excusable, a court must take into account "all relevant circumstances surrounding the party's omission," including: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the cause of the delay was within the

---

4(l). Rule 4(l)(1) of the Federal Rules of Civil Procedure explicitly provides that, unless service is waived, "proof of service must be made <u>to the court</u>" and further provides that "[e]xcept for service by a United States marshal or deputy marshal, <u>proof must be by the server's affidavit</u>." (emphasis added). Here, there is no indication that service was waived and plaintiff has not provided proof of service by affidavit to the court. Nevertheless, Rule 4(l)(3) states that failure to prove service does not affect the validity of service, and the rule is liberal with respect to allowing proof of service to be amended. Accordingly, plaintiff's counsel will be permitted leave to file a server's affidavit forthwith as required by Rule 4(l)(1). *See* Jackson v. Sniezek, 2012 WL 3643195 *3 (M.D.Pa., Aug. 23, 2012).

[2] This case was filed in the Johnstown Division and originally was assigned to the Honorable Kim R. Gibson. The case was re-assigned to this member of the court on August 14, 2015.

2

reasonable control of the moving party; and (4) whether the movant acted in good faith. Id. at 395; Kimberg, 411 Fed. Appx. at 477.

Considering all of the relevant circumstances in this case, the court finds that defendant's failure to file an answer within the allotted time was the result of excusable neglect within the meaning of Rule 6(b)(1)(B). Initially, the court can discern no prejudice to plaintiff from defendant's failure to timely file the answer, and plaintiff does not assert any prejudice. Second, the length of the delay, about two months, will not have any significant impact on the judicial proceedings in this case.

Turning to the cause of the delay, defendant has set forth a legitimate and reasonable explanation for the failure to file the answer on time. Specifically, defendant avers that the summons was served during the time when the long-standing procedure for processing and monitoring social security cases in the Johnstown Division was amended. As a result, when the complaint was served in the Johnstown office in August of 2015, it inadvertently was not forwarded to the Pittsburgh office for processing and monitoring under the new procedure, and the error was not discovered until after the time for filing the answer had passed.

The court is satisfied that defendant's failure to file the answer on time was an honest oversight and was not committed intentionally or in bad faith. In light of defendant's apparent good faith, and there being a reasonable basis for noncompliance within the specified time, the court finds that defendant's failure to timely file the answer was the result of excusable neglect within the meaning of FRCP 6(b), and will permit defendant to file its answer, along with a certified copy of the administrative transcript, out of time.

Accordingly, plaintiff's motion for judgment will be denied, defendant's motion for an extension of time to file the answer will be granted, and an order will be entered that defendant file the answer forthwith and without delay.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 15th day of December, 2015, for the reasons set forth above, IT IS ORDERED that plaintiff's motion for judgment (Document No. 10) be, and the same hereby is, **denied**; and,

IT FURTHER IS ORDERED that defendant's motion for extension of time to file answer (Document No. 12) be, and the same hereby is, **granted**; and,

IT FURTHER IS ORDERED that defendant **forthwith** and without delay shall file an answer to plaintiff's complaint, along with a certified copy of the administrative transcript; and,

IT FURTHER IS ORDERED that plaintiff **forthwith** shall file proof of service in accordance with F.R.C.P. 4(l).

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

cc: Katherine L. Niven, Esq.
Katherine L. Niven & Associates, PC
1909 N Front Street
2nd Floor
Harrisburg, PA 17102

John Valkovci, Jr.., Esq.
Assistant United States Attorney
319 Washington Street
Room 200
Johnstown, PA 15901

AO 72
(Rev. 8/82)